UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAMI BAGHDADY

v.

GEORGE BAGHDADY, ET AL.

No. 3:05cv1494 (SRU)

## ORDER ON MOTION TO STRIKE FROM JURY LIST

Defendants George Baghdady, George J. Baghdady, Jr., Sylvia M. Baghdady, and the Baghdady Family LP have moved to strike the case from the jury list (**doc. # 229**). For the reasons that follow, that motion is granted.

### I. Background

Familiarity with the parties and facts is presumed.

### II. Discussion

As all parties agree, in diversity cases, a claim for a jury trial is governed by the applicable state's law. *GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 241-42 (2d Cir. 2001); *Sherman St. Associates, LLC v. JTH Tax, Inc.*, No. 3:03-cv-1875, slip op. at 1 (D. Conn. Mar. 22, 2010).

In Connecticut, equitable actions are typically tried by a judge, not a jury. *Associated Inv. Co. Ltd. P'ship v. Williams Assocs. IV*, 645 A.2d 505, 508-09 (Conn. 1994); *Ford v. Blue Cross & Blue Shield of Conn., Inc.*, 578 A.2d 1054, 1058-59 (Conn. 1990). Proceedings for dissolution, accounting, and winding up of partnership are considered equitable actions. *Williams v. Williams*, No. TTDCV065000985S at *1-2 (Conn. Super. Feb. 1, 2008).

The plaintiff in this case argues that because there are "sharp questions of fact" to be determined, including whether a partnership existed, what the terms of the partnership were, what each partner contributed to the partnership, and what the assets of the partnership are, a jury trial is appropriate.[1] Pl.'s Mem. in Opp'n to Def.'s Mot. to Strike from Jury List 5.

Under Connecticut General Statutes section 52-218, "[u]pon the application of either party, the court may order any issue or issues of fact in any action demanding equitable relief to be tried by a jury." The decision whether to have a jury trial under section 52-218 is a discretionary one, and that discretion should be exercised sparingly. *Conn. Hous. Fin. Auth. v. John Fitch Court Assocs. Ltd.*, 691 A.2d 1134, 1137 (Conn. Super. 1996).

In this case, a jury trial is neither necessary nor appropriate. All of the claims in this case are equitable in nature, and the most expeditious course of action would be to proceed with a bench trial.

## III. Conclusion

Accordingly, the defendants' motion to strike the case from the jury list (**doc. # 229**) is **GRANTED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of September 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[1] The Connecticut cases cited by the plaintiff stand only for the proposition that whether a partnership exists is a question of fact, not a question of law. They do not touch on whether the issues in this case are equitable or legal. *See Lenoble v. Best Temps, Inc.*, 352 F. Supp. 2d 237, 250 (D. Conn. 2005) ("[T]he determination whether a partnership exists under the evidence and the inferences reasonably drawn from the evidence, is a question of fact for the jury.") (citations omitted); *Jacobs v. Thomas,* 557 A.2d 145, 147 (Conn. App. 1989) ("Whether an oral partnership agreement has been entered is a question of fact.").